IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERLYN AND CARL FOREHAND, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-24-1227-D |
| ) | |
| SIDDEEQ MUHAMMAD ALI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant NAS Logistics, LLC's (NAS) Unopposed Motion to Vacate Clerk's Entry of Default [Doc. No. 23]. NAS asks the Court to set aside the Clerk's Entry of Default [Doc. No. 16] entered against it on March 27, 2025. As indicated by the title of NAS's Motion, Plaintiffs do not oppose the requested relief.

Fed. R. Civ. P. 55(c) provides that an entry of default may be set aside for "good cause." A court may consider, among other factors, "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (citation omitted); *accord Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005). "These factors are not 'talismanic,'" and the Court does not have to consider them all and may consider others. *Hunt v. Ford Motor Co.*, 65 F.3d 178, 178 (10th Cir. 1995).

Considering the factors at issue here, along with the established policy that default judgments are a harsh sanction and generally disfavored, the Court finds that vacating the Clerk's Entry of Default is appropriate. Plaintiffs will not be prejudiced, at least not in the

manner required under a Rule 55(c) analysis. *See SecurityNational Mortg. Co. v. Head*, No. 13–cv–03020–PAB–BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." (internal quotation marks omitted)). And NAS appears to have a meritorious defense to Plaintiffs' claims, as it contends that the involved driver was no longer working for NAS at the time of the subject accident. *See* NAS Mot. at 3; *see also Kahler v. Wal-Mart Stores, Inc.*, No. 20–cv–01536–WJM–KMT, 2020 WL 7335714, at *4 (D. Colo. Dec. 14, 2020) ("The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." (quoting *Resol. Tr. Corp. v. Colo. 126 P'ship*, 746 F. Supp. 35, 37 (D. Colo. 1990))).[1]

**IT IS THEREFORE ORDERED** that NAS's Unopposed Motion to Vacate Clerk's Entry of Default [Doc. No. 23] is **GRANTED**. The Clerk's Entry of Default [Doc. No. 16] against NAS is **VACATED**.

**IT IS FURTHER ORDERED** that NAS shall answer or otherwise respond to Plaintiffs' Second Amended Complaint [Doc. No. 17] on or before June 16, 2025. NAS shall also file a Corporate Disclosure Statement by the same deadline. *See* LCvR7.1.1.

---

[1] To be sure, Plaintiffs' non-opposition factors heavily into the Court's conclusion.

**IT IS SO ORDERED** this 2nd day of June, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge