IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHERLYN FOREHAND, *et al.*,                          )
                                                     )
                    Plaintiffs,                      )
                                                     )
v.                                                   )          Case No. CIV-24-1227-D
                                                     )
SIDDEEQ MUHAMMAD ALI, *et al.*,                      )
                                                     )
                    Defendants.                      )

## ORDER

Before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendants Siddeeq Muhammad Ali and Dream Carrier, LLC. [Doc. No. 35]. Neither Defendant Siddeeq Muhammad Ali ("Ali") nor Defendant Dream Carrier, LLC ("DCL") filed a response, and their deadline to do so has expired. The Motion is, therefore, at issue.

## BACKGROUND

This case was initiated in state court on October 18, 2024. [Doc. No. 1-1]. On November 22, 2024, Defendant Knight Transportation, Inc. removed the case to this Court. [Doc. No. 1]. On January 14, 2025, Plaintiffs filed executed summons for Defendant Ali and Defendant DCL. [Doc. Nos. 4, 5]. Although Defendant DCL was duly served with process in October 2024 and Defendant Ali was duly served with process in November 2024, they failed to appear and answer or otherwise respond to Plaintiffs' Complaint [Doc. No. 1-1]. On January 14, 2025, Plaintiffs filed, in relevant part, an application for entry of default against Defendants Ali and DCL. [Doc. No. 7]. The Clerk of Court entered default against Defendants Ali and DCL. [Doc. No. 8].

1

On March 21, 2025, Plaintiffs filed an Amended Complaint that was not signed by Plaintiffs' counsel. [Doc. No. 11]. On April 1, 2025, Plaintiffs filed a Second Amended Complaint, which was signed by Plaintiffs' counsel. [Doc. No. 17].

Throughout the litigation Plaintiffs dismissed without prejudice all Defendants, except Defendants Ali and DCL. [Doc. Nos. 12, 27, 32, & 34]. On April 6, 2026, the Court ordered Plaintiffs to either show cause for their inaction against Defendants Ali and DCL or move for default judgment against them on or before April 16, 2026, and warned that failure to do so would result in a dismissal without prejudice. [Doc. No. 33].

On April 10, 2026, Plaintiffs filed their instant motion seeking a default judgment against Defendants Ali and DCL. [Doc. No. 35].

## DISCUSSION

"An entry of default must be set aside if it was directed at a superseded pleading." *Whitehorn v. McCann*, 1:24-cv-01105-SKC-STV, 2025 WL 90150, at *3 (D. Colo. Jan. 14, 2025) (citing *Warren v. Green Tree Servicing, LLC*, 663 F. App'x 703, 710 (10th Cir. 2016) (unpublished) (holding that the district court did not abuse its discretion in denying as moot a motion for default judgment and ordering the clerk to set aside an entry of default based on the initial complaint because an amended complaint had been filed)). "Filing an amended complaint renders moot a subsequently filed motion for default judgment against a party whose default was based on the original complaint." *Adolas, LLC v. Alexander Andrews & Assocs., LLC*, No. 19-CV-00881-DDD-MEH, 2019 WL 13195252, at *1 (D. Colo. Nov. 5, 2019) (citing *Warren*, 663 F. App'x at 710); *see also Sorensen-Bain v. Vereo Grp. Inc.*, No. 25-cv-00400-CYC, 2026 WL 933327, at *2 (D. Colo. Apr. 7, 2026) (setting

aside the clerk of court's entry of default and denying as moot the plaintiffs' motion for entry of default judgment because the court granted plaintiffs' motion to file an amended complaint); *Wahoo Intern., Inc. v. Phix Doctor, Inc.*, No. 13cv1395-GPC(BLM), 2014 WL 6810663, at *4 (S.D. Cal. Dec. 2, 2014) ("Consequently, the Court concludes that default judgment cannot be entered against a defendant in default on the original complaint which is superseded by an amended complaint."); *Gladstone v. Health Career Academy*, No. 3:15-cv-00517 (CSH), 2016 WL 81789, at *2 (D. Conn. Jan. 7, 2016) ("[T]he Court's granting of Plaintiff's motion to amend her complaint renders moot both her motion for default judgment as well as the Clerk of Court's earlier entry of default.").

Although requiring Plaintiffs to re-seek default against Defendants Ali and DCL, and then subsequently re-file a motion for default judgment against them "may require additional time and effort by Plaintiff[s], these procedural rules are designed to protect the integrity of any ultimate judgment arising from the default." *Adolas, LLC*, 2019 WL 13195252, at * 1; *see also Allstate Ins. Co. v. Yadgarov*, No. 11civ.6187 (PKC)(VMS), 2014 U.S.Dist.Lexis. 30068, at *41 (N.Y.E.D. Feb. 10, 2014) ("[A]ll parties and the Court benefit from carefully adhering to the Federal Rules in this context, thereby avoiding later litigation challenging a default on a procedural abnormality.").

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Clerk of Court is directed to set aside the entry of default against Defendants Siddeeq Muhammad Ali and Dream Carrier, LLC [Doc. No. 8].

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Default Judgment against Defendants Siddeeq Muhammad Ali and Dream Carrier, LLC [Doc. No. 35] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiffs are directed to proceed with moving for entry of default against Defendants Siddeeq Muhammad Ali and Dream Carrier, LLC, in connection with the Second Amended Complaint [Doc. No. 17] or show cause for their inaction on or before May 22, 2026. In the absence of moving for entry of default or making such showing, this action will be dismissed without prejudice and without further notice to Plaintiffs.

**IT IS FURTHER ORDERED** that if Plaintiffs move for entry of default against Defendants Siddeeq Muhammad Ali and Dream Carrier, LLC, and the Clerk of Court enters default against them, then Plaintiffs are directed to proceed with moving for default judgment against Defendants Siddeeq Muhammad Ali and Dream Carrier, LLC or show cause for their inaction within 14 days of the Clerk of Court's entry of default. In the absence of timely moving for default judgment or making such a showing, this action will be dismissed without prejudice and without further notice to Plaintiffs.

**IT IS FURTHER ORDERED** that the unexpired deadlines in the Scheduling Order [Doc. No. 25] are **STAYED**, and an amended scheduling order may be entered if necessary.

**IT IS SO ORDERED** this 8th day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

4